| | |
|---|---|
| | Judge: The Honorable Marc Barreca<br>Chapter: 11<br>Hearing Location: Seattle<br>Hearing Date: June 21, 2018<br>Hearing Time: 9:30 a.m.<br>Response Date: June 14, 2018 |

# IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| In Re:<br><br>DANIEL V. SUCIU and CRISTINA N. SUCIU,<br><br>                          Debtors. | BANKRUPTCY NO. 18-10709-MLB<br><br>**REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY AND ABANDONMENT OF PROPERTY** |

COME NOW Creditors, Manish Samadarshi and Archana Sinha (collectively, the "Samadarshis"), pursuant to Local Bankruptcy Rule 9013-1(d)(3) and make this reply to Debtors' Response to Motion for Relief From Stay Filed by Samardishi and Sinha.

1. **The Samardishis' Judgment Lien on the Sucius' South Seattle and Maple Valley properties renders those properties without equity, and without benefit to the bankruptcy estate.**

As of the date that they filed their Motion for Relief from Stay and Abandonment of Property, the Samardishis' judgment against the Sucius totaled $465,325.49. The judgment has accrued attorney's fees and interest at the rate of $139.70 per day since the Motion for Relief from Stay and Abandonment of Property was filed. RCW 4.56.190 provides that:

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM
STAY AND ABANDONMENT OF PROPERTY - 1

1650506

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

Case 18-10709-MLB    Doc 43    Filed 06/18/18    Ent. 06/18/18 15:25:14    Pg. 1 of 6

"The real estate of any judgment debtor, and such as the judgment debtor may acquire, not exempt by law, shall be held and bound to satisfy any judgment of the … superior court, or district court of this state, and every such judgment shall be a lien thereupon to commence as provided in RCW 4.56.200 and to run for a period of not to exceed ten years from the day on which such judgment was entered…" The Samardishis have a statutory lien on all of the Sucius' Washington real property in an amount of not less than **$469,097.**

The Court is required to grant relief from the automatic stay as it applies to property where: "(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2). Additionally, "the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b).

There is no dispute that 12604 9th Avenue South, Seattle, Washington (APN 801920-0675) (the "South Seattle Property") has a value of $270,000 and a lien senior to the Samardishis' judgment lien in the amount of $160,023. The South Seattle Property has *negative* equity in the amount of at least $359,120.

The Sucius' investment property at 21433 276th Avenue SE, Maple Valley, Washington (APN 122206-9025) (the "Maple Valley Property") is valued by the Sucius at $270,000. The Samardishis' lien is senior to the Maple Valley Property's other underlying debt but is sufficient, on its own, to create *negative* equity in the property. There is no way to value potential improvements that the Sucius may or may not make to the property, for the purpose of this motion. The Court is "required" to grant relief from the stay if there is no equity in the property at issue. There is no exception for property which may have equity

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM
STAY AND ABANDONMENT OF PROPERTY - 2

1707136.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

Case 18-10709-MLB    Doc 43    Filed 06/18/18    Ent. 06/18/18 15:25:14    Pg. 2 of 6

at some later date, after unspecified improvements are made. Moreover, the Sucius' bankruptcy schedules should leave the Court with serious doubt regarding the Sucius' ability to finance any improvements, regardless of how sincerely they believe that their efforts could improve the value of the property.

The Samardishis have a lien amount which is greater than any amount of equity that the Sucius' have in the South Seattle and Maple Valley properties, today. The value of the properties, as they exist today, are the only relevant valuations for the purpose of this motion. The Court should not deny the Samardishis' motion because there may be some additional equity later, if the Sucius can finance and complete "work" on the properties that they estimate will increase its value. The Court should lift the automatic stay and order the trustee to abandon the Properties so that Samadarshi can proceed with foreclosure of his judgment lien

2. **There is no basis to collaterally attack or vacate the Samardishis' Judgment and the Court should not deny this motion based on the possibility that a motion to vacate the default may be filed.**

The Sucius argue that the Court should deny the Samardishis' motion because, at some point, they intend to go back to the King County Superior Court that, just shy of a year ago, entered a default judgment against them after they were served with the Samardishis' lawsuit and failed to appear or defend it. The Sucius articulate no basis upon which they believe that the superior court should consider vacating the year-old judgment.

Washington Civil Rule 60(b) provides the bases upon which a party can seek relief from a judgment. These bases include mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, death of the defendant, or "any other reason justifying relief from the operation of the judgment." There are no facts of which the Samardishis are aware

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM
STAY AND ABANDONMENT OF PROPERTY - 3

1707136.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

Case 18-10709-MLB    Doc 43    Filed 06/18/18    Ent. 06/18/18 15:25:14    Pg. 3 of 6

that would justify vacating their judgment on any of the bases enumerated in CR 60(b). Moreover, CR 60(b) requires that a motion for relief from judgment be brought "within a reasonable time". Finally, the Sucius will be required to show that they have a meritorious defense to the action.

The simple reason that the Sucius describe no basis for their hypothetical motion to vacate the Samardishis' motion is that none exists. Similarly, they are silent on the reason that they have waited a year to move to vacate the default, because they have no excuse. Finally, there is no defense to the underlying motion, at least none that has ever been articulated. There is simply no reason to believe that the Sucius are going to be successful in vacating the Samardishis' judgment.

The Court is required to enter an order granting relief from stay if there is no equity in the Properties to preserve for the benefit of the bankruptcy estate. In this case, by virtue of the Samardishis' judgment, no such equity exists. The Court should not disregard the Samardishis' judgment, but should give it full force and effect as it exists on the date that this motion is to be considered. Denying the Samardishis' motion on the off chance that the Sucius will file a motion to vacate the default, with no argument as to why such motion might be successful, does not give full force and effect to the King County judgment. The Court should not assume for the sake of this motion that the Samardishis' judgment is susceptible to challenge. The Samardishis' motion should be granted.

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM
STAY AND ABANDONMENT OF PROPERTY - 4

1707136.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

Case 18-10709-MLB    Doc 43    Filed 06/18/18    Ent. 06/18/18 15:25:14    Pg. 4 of 6

## IV. CONCLUSION

Once again, the Samadarshi respectfully request that the Court enter an order granting relief from the automatic stay as to the Properties and abandoning the estate's interest in the Properties. A proposed order is attached hereto.

DATED this 18th day of June, 2018.

By *s/Hans P. Juhl*
Hans P. Juhl, WSBA #33116

RYAN, SWANSON & CLEVELAND, PLLC
1201 Third Avenue, Suite 3400
Seattle, Washington 98101-3034
Phone: 206-464-4224/Fax: 206-583-0359
Email: juhl@ryanlaw.com
Attorneys for Manish Samardishi and
Archana Sinha

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM
STAY AND ABANDONMENT OF PROPERTY - 5

1707136.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

Case 18-10709-MLB    Doc 43    Filed 06/18/18    Ent. 06/18/18 15:25:14    Pg. 5 of 6

## PROOF OF SERVICE

I hereby declare as follows:

1. I am a citizen of the United States and a resident of the state of Washington. I am over the age of 18 years and not a party to the within action. I am employed by the law firm of Ryan, Swanson & Cleveland, PLLC, 1201 Third Avenue, Suite 3400, Seattle, Washington, 98101-3034.

2. On the 18th day of June, 2018, I caused service of the foregoing document upon counsel of record at the address and in the manner described below:

By E-Service through the USDC WD of Washington filing system to:

Jonathan Smith
Advantage Legal Group
jonathan@advantaglegalgroup.com

*Counsel for Debtors*

I declare under penalty of perjury under the laws of the state of Washington and the United States that the foregoing is true and correct.

DATED this 18th day of June, 2018 at Seattle, Washington.

Janet Petersen, Legal Assistant

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM
STAY AND ABANDONMENT OF PROPERTY - 6

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

1707136.01

Case 18-10709-MLB    Doc 43    Filed 06/18/18    Ent. 06/18/18 15:25:14    Pg. 6 of 6